UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
JUN 27 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES OF AMERICA §
§
vs. §
§ Criminal No. P-98-CR-173(01) RAJ
WILLIE BEN LARA, JR. §

## ORDER REVOKING SUPERVISED RELEASE and RESENTENCING OF DEFENDANT

On this the 21st day of June, 2005, came on to be heard the Government's Motion for Revocation of Supervised Release granted by virtue of Judgment entered on April 20, 2004, in the above numbered and styled cause.

Defendant appeared in person and was represented by attorney of record, Anthony Foster. The United States was represented by Assistant United States Attorney, James J. Miller, Jr.

After reviewing the motion and the records in this case as well as hearing testimony and arguments of counsel, the Court is of the opinion that said Defendant has violated the provisions of his supervised release and that the ends of justice and the best interests of the public and of the Defendant will not be subserved by continuing said Defendant upon Supervised Release. Further, the Court is of the opinion that the Motion for Revocation of Supervised Release should be, and it is hereby **GRANTED.**

**IT IS THEREFORE ORDERED** that the term of Supervised Release of Defendant named above granted by Judgment entered on April 20, 2004, be, and it is hereby **REVOKED and SET ASIDE** and the Defendant is resentenced as follows:

> The Defendant, WILLIE BEN LARA, JR., is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Nine (9) months. The Court recommends that the defendant be incarcerated at F. C. I. Seagoville, and that he participate in a drug abuse treatment program while incarcerated.
>
> A term of Twenty-one (21) months supervised release is imposed, with the following special conditions to be observed, as well as the original conditions of Supervised Release.
>
> 1) The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.
>
> 2) The defendant shall not be permitted to reside any place where firearms are possessed or stored.
>
> 3) The defendant shall participate in the Home Confinement Program for the first Six (6) months. During this time the defendant shall remain at his place of residence between 9:00 p.m. and 6:00 a.m. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by

the probation officer. The Court further orders that the defendant shall pay for costs of Home Confinement and Electronic Monitoring, as directed by the Probation Officer.

4) The defendant shall participate in a substance abuse treatment program which may include urinalysis testing as directed by the probation office. The defendant may be required to contribute to the costs of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

The Clerk will provide the United States Marshal Service with three (3)certified copies of this Order and three (3) certified copies of the Judgment entered on April 20, 2004, to serve as the commitment of the Defendant.

SIGNED this 24 day of June, 2005.

Robert Junell
United States District Judge